ROBIE, J., Concurring and Dissenting.
*21 I recognize that the trial judge at sentencing stated "it would not have dismissed defendant's prior serious felony even if it had discretion to do so."
Nevertheless, I have a fundamental disagreement with the majority's conclusion not to remand to the trial court. I do not believe I or any appellate court has the wisdom to determine what the trial judge would have done at a defendant's sentencing hearing if, in fact, it had been aware of the full extent of its discretion under Senate Bill No. 1393, effective January 1, 2019. "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." ( In re Estrada (1965) 63 Cal.2d 740, 745, 48 Cal.Rptr. 172, 408 P.2d 948.)
With the enactment of Senate Bill No. 1393 following defendant's sentencing, the Legislature changed the calculus a trial judge must enter when determining whether a prior conviction enhancement is appropriate. Because of this change, anything the trial judge said at the time of sentencing is tainted by the policy considerations behind the law then in effect. The trial judge's comment at the time of sentencing as to the hypothetical situation of what it would do if it had the authority to strike the prior is necessarily informed by what the judge and the Legislature thought was appropriate under the law at the time. But what was appropriate then may not be what is appropriate now under a law the Legislature amended for being too stringent.
" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' "
*895 ( People v. Gutierrez (2014) 58 Cal.4th 1354, 1391, 171 Cal.Rptr.3d 421, 324 P.3d 245.) After taking into account the change in policy and after hearing argument from both sides, the trial court may feel differently than when it initially sentenced defendant to the enhancement. Defendant should not be denied this opportunity. Accordingly, I agree with the People and would remand for the trial court to exercise its informed discretion as to whether to strike the prior conviction. This resolution can be accomplished simply since the majority is remanding anyway for another purpose.